IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| ARMON AMOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 5:24cv5149 |
| | ) | |
| MIGUEL PEREZ SALINAS AND | ) | **JURY TRIAL DEMANDED** |
| SUNRISE EXPRESS INC. | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

COME NOW Defendants Miguel Perez Salinas ("Mr. Salinas") and Sunrise Express LLC improperly named as Sunrise Express Inc. ("Sunrise") (collectively "Defendants"), by their attorneys, Lewis Brisbois Bisgaard & Smith LLP, pursuant to 28 U.S.C. §§ 1332(a) and 1441(b), for their Notice of Removal, state as follows:

1. On May 14, 2024, Plaintiff filed a Complaint against Defendants in the Circuit Court of Benton County, Arkansas entitled *Armon Amos v. Miguel Perez Salinas and Sunrise Express Inc.*, Cause No. 04CV-24-1404. A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2. On or about June 21, 2024, Plaintiff's Complaint was received by Mr. Salinas.

3. On or about July 2, 2024, Sunrise received Plaintiff's Complaint.

4. Plaintiff generally avers a personal injury action resulting from a December 28, 2023 motor vehicle collision in Benton County, Arkansas. *See* Complaint, **Ex. A**, ¶¶ 6-8. Plaintiff seeks to recover from Mr. Salinas under a theory of negligence. *Id.*, Count I. Plaintiff seeks to recover from Sunrise under a theory of respondent superior. *Id.*, Count II.

5. Plaintiff avers that he is a resident of the State of Arkansas. *See* Compl., **Ex. A**, ¶ 1.

6. Plaintiff avers and Mr. Salinas admits that he is a resident of the State of Kansas. *See* Complaint, **Ex. A**, ¶ 2.

7. At the time of the December 28, 2023 motor vehicle accident, the vehicle operated by Mr. Salinas was owned by Sunrise Express, LLC.

8. Sunrise Express, LLC is organized and existing under the laws of the State of Oklahoma. *See* Arkansas Secretary of State Corporation Entity Database, attached hereto as **Exhibit B**.

9. Sunrise Express LLC's principal place of business is located in Oklahoma City, Oklahoma. *Id.*

10. Sunrise Express LLC is not incorporated nor does it have a principal place of business in the State of Arkansas. *Id.*

11. Thus, there is complete diversity exists between the parties.

12. Pursuant to 28 U.S.C. § 1446(c)(2)(A)(ii) and (B), "the notice of removal may assert the amount in controversy if the initial pleading seeks … a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) …."

13. Upon information and belief, Plaintiff's claims for monetary damages set the amount in controversy over $75,000.00. *See* Compl. Plaintiff claims he suffered "physical injuries throughout [his] body" in addition to "great pain, suffering, and mental anguish and will continue to suffer these conditions into the future." Complaint, **Ex. A**, ¶¶ 14-15. He seeks compensation

"for the nature, extent, duration, and permanency of his injuries." *Id*., ¶ 17.  The seriousness and nature of the injuries alleged in the Complaint places more than $75,000 in controversy.  *See Haynes v. Louisville Ladder Group, LLC*, 341 F. Supp. 2d 1064, 1068-69 (E.D. Ark. 2004).  Nor has Plaintiff filed a binding stipulation or affidavit with his Complaint with respect to his damages.  In addition to compensatory damages, Plaintiff requests that he be awarded "pre-judgment and post-judgment interest at the maximum legal rate provided by law; … costs … expended, such costs to include a reasonable attorney's fees; and that Plaintiff receive any and all other relief to which Plaintiff may be justly entitled."  Complaint, **Ex. A**, Count II.  *See, e.g., Houston, Dickerson & Dickerson, Inc. v. Nationwide Prop. & Cas. Inc. Co.*, 2013 LEXIS 94650, 2013 WL 3381078 at *4 (W.D. Ark. 2013); Ark. Code §§ 16-65-114.

14. For the foregoing reasons, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).  There is complete diversity of citizenship, and the Plaintiff's claims for monetary damages set the amount in controversy over $75,000.  Removal of the state court action to this Court is therefore appropriate under 28 U.S.C. § 1441(b).

15. Removal of this action is timely under 28 U.S.C. § 1446(b) because this Notice of Removal was filed within thirty days after receipt by Mr. Salinas, through service or otherwise, of a copy of the pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.  Moreover, this Notice of Removal was filed within one year after commencement of the action.

16. Venue is proper under 28 U.S.C. §§ 83(a)(1) and 1441(a) because this Court is the district court and division embracing the place where the state court action is pending.

17. Pursuant to 28 U.S.C. § 1446(a), a copy of the file for the state court action, including a copy of all process, pleadings and orders served as of the date of this filing, is attached hereto as **Exhibit C**.

18. Pursuant to 28 U.S.C. § 1446(d), contemporaneous with this filing, Defendants are serving a copy of this Notice of Removal upon Plaintiff and filing a copy with the Clerk of the Circuit Court of Benton County, Arkansas. Defendants will thereafter file a copy of his Notice of Filing of the Notice of Removal with the Circuit Court of Benton County, Arkansas.

19. Defendants have not yet filed an Answer or otherwise responded to Plaintiff's Complaint. Accordingly, pursuant to Federal Rule of Civil Procedure 81(c)(2)(C), Defendants will respond to Plaintiff's Complaint within seven (7) days of the filing of this Notice of Removal.

20. Defendants reserve the right to supplement this Notice of Removal and/or to present additional arguments in support of their entitlement to removal.

21. No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, affirmative defenses and motions are hereby reserved.

WHEREFORE, Defendants Miguel Perez Salinas and Sunrise Express LLC improperly named as Sunrise Express Inc. request that this Honorable Court approve removal of the above-referenced action to the United States District Court for the Western District of Arkansas.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

/s/ Karen M. Volkman
Tracy J. Cowan, #2013243
Karen M. Volkman, #2012305
100 South 4th Street, Suite 500
St. Louis, Missouri 63102
(314) 685-8346 – Phone
(314) 683-8347 – Facsimile

Tracy.Cowan@lewisbrisbois.com
Karen.Volkman@lewisbrisbois.com

Attorneys for Defendants Miguel Perez Salinas and Sunrise Express LLC improperly named as Sunrise Express Inc.

## CERTIFICATE OF SERVICE

The undersigned further certifies that a copy of the foregoing was sent via electronic mail and United States mail, postage prepaid, and electronic mail on this 17th day of July, 2024 to the following:

Jennifer Reali, Esq.
DASPIT LAW FIRM, PLLC
124 W. Capital Ave. #1820
Little Rock, AR 72201
Telephone: (501) 387-7390
Facsimile: (713) 587-9086
e-service@daspitlaw.com

Attorneys for Plaintiff

/s/ Karen M. Volkman

142779716.2