IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**ARMON AMOS**                                                                              **PLAINTIFF**

V.                                      **CASE NO. 5:24-cv-05149-TLB**

**MIGUEL PEREZ SALINAS and**
**SUNRISE EXPRESS INC.**                                               **DEFENDANTS**

**PLAINTIFF'S FIRST AMENDED COMPLAINT**
**AND**
**DEMAND FOR JURY TRIAL**

COMES NOW, the Plaintiff, Armon Amos, by and through his attorneys at DASPIT LAW FIRM, PLLC, and for his First Amended Complaint and Demand for Jury Trial against the Defendants, Miguel Perez Salinas and Sunrise Express Inc., alleges and states as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff Armon Amos is, and at all times relevant to this action was, a resident of Benton County, Arkansas.

2. Upon information and belief, Defendant Miguel Perez Salinas (hereinafter "Defendant Salinas") is an individual residing in the State of Kansas. Defendant Salinas may be served at 516 Blunt Street, Downs, Kansas 67437, or wherever found.

3. Upon information and belief, Defendant Sunrise Express Inc. (hereinafter "Defendant Sunrise"), is a transportation company authorized to do business in the State of Arkansas via the United States Department of Transportation. Defendant Sunrise may be served with process through its registered agent Don Smith of Central Agent Service, Inc. at 510 N. Greenwood Avenue, Fort Smith, Arkansas 72917, or wherever found.

4. The automobile wreck giving rise to this cause of action occurred in Bentonville, Benton County, Arkansas.

5. This Court has Jurisdiction over the parties and the subject matter herein, and this Court is the proper venue for this cause of action.

**FACTS COMMON TO ALL COUNTS**

6. On or about December 28, 2023, at approximately 9:05 P.M., Plaintiff was operating a 2018 Honda Civic in Bentonville, Arkansas, travelling eastbound on SW Regional Airport Boulevard approaching its intersection with SE Walton Boulevard.

7. At the same time and place, Defendant Salinas was operating a 2021 Freightliner semi-truck hauling an enclosed box trailer, travelling in the same direction as Plaintiff.

8. The tractor-trailer being operated by Defendant Salinas was owned by Defendant Sunrise.

9. On information and belief, at all times relevant to this Complaint, Defendant Salinas was acting within the course and scope of his agency and employment with, and under the control of, Defendant Sunrise.

10. Plaintiff entered the intersection of SW Regional Airport Boulevard and SE Walton Boulevard in the outside right turn lane, attempting to travel eastbound onto SE Walton Boulevard.

11. At the same time and place, Defendant Salinas entered the same intersection in the inside right turn lane, attempting to travel eastbound onto SE Walton Boulevard.

12. While attempting to navigate this turn, Defendant Salinas oversteered, causing his trailer to enter the outside right turn lane and collide with the driver's side of Plaintiff's vehicle.

13. Defendant Salinas over-steered causing him to enter the outside right turn lane and caused a collision with Plaintiff's vehicle. Defendant Salinas struck the driver side of Plaintiff's vehicle.

14. As a result of Defendant Salinas's negligent operation of his vehicle, Plaintiff suffered extensive and permanent bodily injuries.

## COUNT I – NEGLIGENCE

15. The allegations of the preceding paragraphs are incorporated herein as if set forth word-for-word.

16. At the time of the collision, Defendant Salinas was negligent in the following respects:

   a. Failed to keep a proper lookout on the roadway;

   b. Failed to keep his vehicle under reasonable control;

   c. Failed to keep a safe distance from other vehicles on the road;

   d. Failed to yield the right of way to the Plaintiff's vehicle; and

   e. Generally failed to act as a reasonably careful and prudent person would act under the circumstances.

17. As a result of these acts and omissions, Plaintiff sustained damages recognizable by law and claims all damages recognizable by law.

## COUNT II – RESPONDEAT SUPERIOR

18. The allegations of the preceding paragraphs are incorporated herein as if set forth word-for-word.

19. Defendant Salinas was driving a vehicle owned by Defendant Sunrise at all times material hereto in the course and scope of his agency and employment with Defendant Sunrise.

20. As such, Defendant Sunrise is vicariously liable for Defendant Salinas's negligent acts and omissions under the doctrine of *respondeat superior*.

21. Plaintiff further pleads Defendant Sunrise was negligent and/or negligent per se for one or more of the following reasons:

    f. Negligently entrusted a motor vehicle to an incompetent driver;

    g. Negligently hired and/or retained employees;

    h. Negligently trained and/or supervised employees;

    i. Violated applicable, local, state and federal laws and/or regulations;

    j. Other acts so deemed negligent.

## DAMAGES

22. As a direct and proximate result of the Defendants' negligence Plaintiff suffered physical injuries throughout Plaintiff's body.

23. As a further direct and proximate result of the Defendants' negligence and of Plaintiff's injuries, Plaintiff endured great pain, suffering, and mental anguish and will continue to suffer these conditions into the future.

24. As a further direct and proximate result of the Defendants' negligence and of Plaintiff's injuries, Plaintiff was placed under the care of physicians and has incurred medical expenses, which amounts includes transportation expenses necessarily incurred in securing such care, and is likely to incur medical expenses in the future.

25. As a result of the conduct of the Defendants, the Plaintiff should be compensated for the nature, extent, duration, and permanency of his injuries as set out herein.

26. **PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Armon Amos prays for judgment over and against Defendants Miguel Perez Salinas and Sunrise Express Inc. in an amount exceeding the minimum requirements for federal court diversity jurisdiction; that Plaintiff be awarded pre-judgment and post-judgment interest at the maximum allowable rate provided by law; that Plaintiff recover from Defendants his court costs herein expended and his attorney's fees; and that Plaintiff receive any and all other proper relief to which he may be justly entitled.

Respectfully submitted,

**DASPIT LAW FIRM**
124 W. Capitol Ave., Ste. 1820
Little Rock, AR 72201
Phone: (501) 512-0367
Fax:    (713) 587-9086
e-service@daspitlaw.com
*Attorneys for Plaintiff*

By: _____
Lee D. Curry          Ark. Bar No. 2014153
lcurry@daspitlaw.com