IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| ARMON AMOS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 5:24-cv-05149 |
| ) | |
| MIGUEL PEREZ SALINAS AND ) | **JURY TRIAL DEMANDED** |
| SUNRISE EXPRESS INC. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS MIGUEL PEREZ SALINAS AND SUNRISE EXPRESS INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

COME NOW Defendants Miguel Perez Salinas ("Mr. Salinas") and Sunrise Express Inc. ("Sunrise") (collectively "Defendants"), by and through the undersigned counsel, and for their Answer and Affirmative Defenses to Plaintiff's First Amended Complaint state as follows:

**PARTIES AND JURISDICTION**

1.	Defendants are without sufficient information to admit or deny the allegations in paragraph 1 of Plaintiff's First Amended Complaint and, therefore, deny the allegations in paragraph 1 of Plaintiff's First Amended Complaint.

2.	Defendants admit that Defendant Miguel Perez Salina is a resident of the State of Kansas. Defendants deny each and every allegation in paragraph 2 of Plaintiff's First Amended Complaint not expressly admitted herein.

3.	Defendants admit that Defendant Sunrise Express Inc. is transportation company originally authorized by the Interstate Commerce Commission. Defendants deny each and every allegation in paragraph 3 of Plaintiff's First Amended Complaint not expressly admitted herein.

4. Defendants admit that the incident occurred in Bentonville, Benton County, AR. Defendants deny each and every allegation in paragraph 4 of Plaintiff's First Amended Complaint not expressly admitted herein.

5. The allegations in paragraph 5 of Plaintiff's First Amended Complaint constitute a legal conclusion which Defendants are not required to admit or deny. To the extent that a response is required to the allegations in paragraph 5 of Plaintiff's First Amended Complaint, Defendants deny the same.

## FACTS COMMON TO ALL COUNTS

6. Defendants admit that the incident occurred in Bentonville, Benton County, AR. Defendants deny each and every allegation in paragraph 6 of Plaintiff's First Amended Complaint not expressly admitted herein.

7. Defendants admit that the incident occurred in Bentonville, Benton County, AR. Defendants deny each and every allegation in paragraph 7 of Plaintiff's First Amended Complaint not expressly admitted herein.

8. The allegations in paragraph 8 of Plaintiff's First Amended Complaint constitute a legal conclusion which Defendants are not required to admit or deny. To the extent that a response is required to the allegations in paragraph 8 of Plaintiff's First Amended Complaint, Defendants deny the same.

9. Defendants deny the allegations set forth in Paragraph 9 of the First Amended Complaint.

10. Defendants deny the allegations set forth in Paragraph 10 of the First Amended Complaint.

11.     Defendants deny the allegations set forth in Paragraph 11 of the First Amended Complaint.

12.     Defendants deny the allegations set forth in Paragraph 12 of the First Amended Complaint.

13.     Defendants deny the allegations set forth in Paragraph 13 of the First Amended Complaint.

14.     Defendants deny the allegations set forth in Paragraph 14 of the First Amended Complaint

## **COUNT I – NEGLIGENCE**

15.     Defendants adopt and incorporate their responses to Paragraphs 1 through 14 of Plaintiff's First Amended Complaint as and for their response to Paragraph 15 of the First Amended Complaint as if fully set forth herein.

16.     Defendants deny the allegations set forth in Paragraph 16, including all sub-parts, of the First Amended Complaint.

17.     Defendants deny the allegations set forth in Paragraph 17 of the First Amended Complaint.

## **COUNT II – RESPONDEAT SUPERIOR**

18.     Defendants adopt and incorporate their responses to Paragraphs 1 through 17 of Plaintiff's First Amended Complaint as and for their response to Paragraph 18 of the First Amended Complaint as if fully set forth herein.

19.     The allegations in paragraph 19 of Plaintiff's First Amended Complaint constitute a legal conclusion which Defendants are not required to admit or deny.  To the extent that a

response is required to the allegations in paragraph 19 of Plaintiff's First Amended Complaint, Defendants deny the same.

20. The allegations in paragraph 20 of Plaintiff's First Amended Complaint constitute a legal conclusion which Defendants are not required to admit or deny. To the extent that a response is required to the allegations in paragraph 20 of Plaintiff's First Amended Complaint, Defendants deny the same.

21. Defendants deny the allegations set forth in Paragraph 21, including all sub-parts, of the First Amended Complaint.

## DAMAGES

22. Defendants deny the allegations set forth in Paragraph 22 of the First Amended Complaint.

23. Defendants deny the allegations set forth in Paragraph 23 of the First Amended Complaint.

24. Defendants deny the allegations set forth in Paragraph 24 of the First Amended Complaint.

25. Defendants deny the allegations set forth in Paragraph 25 of the First Amended Complaint.

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, Defendants Miguel Perez Salinas and Sunrise Express Inc. demand judgment in their favor dismissing Plaintiff's First Amended Complaint and awarding them costs, attorney's fees and other relief this Court may deem appropriate.

## AFFIRMATIVE DEFENSES

By way of further Answer and as Affirmative Defenses, Defendants state as follows:

1.Defendants state that Plaintiff's First Amended Complaint, and each and every cause of action and count stated therein, fails to state a claim upon which relief may be granted against Defendants and should accordingly be dismissed.

2.Defendants state that Plaintiff's injuries and damages, if any, were caused, in whole or in part, by Plaintiff's own negligence and comparative fault in one or more of the following respects:

 a. Plaintiff failed to keep a careful lookout;

 b. Plaintiff failed to maintain control of his vehicle at all times;

 c. Plaintiff failed to operate his vehicle at a speed no greater than was reasonable and prudent under the circumstances;

 d. Plaintiff failed to act as a reasonably careful and prudent person would have acted under the circumstances and failed to appreciate the great risk of harm his actions would probably have upon the property and persons of others, including Defendants;

 e. Plaintiff knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to have stopped, or swerved, or slackened his speed, or sound a warning, or any combination of the foregoing, but failed to do so;

 f. Plaintiff failed to use an available seat belt, shoulder harness, and other active or passive restraint systems incorporated into the automobile in which he occupied when the accident that is the subject of Plaintiff's First Amended Complaint occurred. Plaintiff had no reasonable justification for non-use.

>   Failure to use such safety equipment was the sole proximate cause or contributed substantially to Plaintiff's alleged injuries and/or
>
> g. Plaintiff committed other unspecified acts or omissions to be set forth upon the completion of discovery.

Defendants state that Plaintiff's injuries and damages, if any, should be reduced by an amount in proportion to Plaintiff's own negligence and/or comparative fault as set forth herein.

3. Defendants state that, if Plaintiff has been damaged, which Defendants specifically deny, any recovery by Plaintiff is barred by the doctrine of assumption of risk.

4. Plaintiff's alleged damages and/or injuries were proximately caused by, or attributed to by his own negligence and therefore Plaintiff's claims should be barred, or Plaintiff's right of recovery should be reduced in accordance to the degree of Plaintiff's own negligence.

5. Defendants state that Plaintiff failed to mitigate his losses, injuries and/or damages, if any, and, in the event that any judgment or recovery is had against Defendants, Plaintiff is barred from recovering any damages that could have been avoided by reasonable mitigation efforts.

6. Defendants state that Plaintiff's alleged damages, injuries and/or losses were caused, or contributed to, by unforeseeable, intervening acts, omissions and conduct of other persons over whom Defendants had no right or duty of control, and Plaintiff's alleged damages, injuries and/or losses are thus not recoverable from Defendants. Alternatively, any damages that Plaintiff may be entitled to recover from Defendants must be reduced to the extent that such damages are attributable to the superseding and/or intervening acts and/or omissions of others.

7. Defendants state that if they are found liable, which liability Defendants specifically deny, Defendants are entitled to indemnity, contribution and/or set-off from those persons or entities whose fault caused or contributed to the damages for which recovery is sought,

whether or not such persons or entities are parties to this action at the time this action is submitted to a jury, and are further entitled to liability protection to the full extent permitted by applicable law.

8. Defendants state that Plaintiff's alleged injuries and damages, if any, were caused, in whole or in part, by the negligence, recklessness or other wrongful conduct on the part of third parties.

9. Defendants state that Plaintiff has failed to join indispensable parties necessary for joining adjudication of this dispute, and Plaintiff is therefore precluded from any recovery.

10. Defendants state that Plaintiff's claims are barred by the applicable principles of waiver and estoppel.

11. Defendants state that Plaintiff's claims are barred by the doctrine of unclean hands.

12. Defendants state that Plaintiff's claims may be preempted in whole or in part by federal and/or state statutes and/or regulations.

13. Defendants state they are entitled to a determination of the percentage of responsibility of Plaintiff, each person, and each responsible party, even if such person or entity has not been joined in this action, for each such person or entity causing or contributing to cause in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by other conduct or activity that violates an applicable legal standard, or by any combination thereof and, if Defendants are found liable, which liability Defendants specifically deny, then Defendants are entitled to a reduction of their liability to the extent of their determined percentage of responsibility.

14. Defendants state that Plaintiff's right to recover damages, if any, is reduced to the extent that any claims by Plaintiff in this matter have been settled, compromised or otherwise

discharged by any payments received by Plaintiff in connection with the matters alleged in the First Amended Complaint. Defendants are entitled to set off any such benefits and/or awards received or to be received by Plaintiff with respect to any judgment and/or award which may be rendered in favor of Plaintiff.

15. Defendants state that the damages alleged in Plaintiff's First Amended Complaint are vague, impermissibly remote and speculative, and therefore, Plaintiff is barred from the recovery of any such alleged damages.

16. Defendants state that the value of any medical care or treatment rendered to Plaintiff should be limited to the actual amount paid by or on behalf of Plaintiff to satisfy the financial obligation to Plaintiff's healthcare provider(s).

17. Defendants state that, to the extent Plaintiff is seeking punitive damages against them, Plaintiff's First Amended Complaint fails to state facts sufficient to entitle Plaintiff to an award of punitive damages.

18. Defendants state that, to the extent Plaintiff is seeking punitive damages against them, the imposition of punitive or exemplary damages would violate various constitutional provisions, including but not limited to the due process clauses in the Fifth and Fourteenth Amendments to the Constitution of the United States, and the equivalent or correlative applicable provisions in the Constitutions, common law, public policy, applicable statutes and court rules of the relevant states, the excessive fines clause in the Eighth Amendment to the Constitution of the United States and the double jeopardy clause in the Fifth Amendment to the Constitution of the United States. They would further violate constitutional provisions to the extent that punitive damages awarded to Plaintiff is (1) imposed by a jury that is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of such a punitive damages

award; is not adequately and clearly instructed on the limits on punitive damages imposed by the principles of deterrence and punishment; is not expressly prohibited from awarding punitive damages, or determining the amount of an award thereof, in whole or in part, on the basis of invidious discriminatory characteristics, including the status, wealth, or state of residence of Defendants; or is permitted to award punitive damages under a standard for determining liability for such damages which is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which makes punitive damages permissible; (2) are not subject to independent de novo review by the trial and appellate courts for reasonableness and the furtherance of legitimate purposes on the basis of objective legal standards and in conformity with the United States Constitution as amended or any applicable State constitution as amended.

19. Defendants state that, to the extent Plaintiff is seeking punitive damages against them, Defendants specifically incorporate by reference all standards of limitations regarding the determination and enforceability of punitive damage awards that arise under *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *Philip Morris USA v..Williams*, 549 U.S. 346 (2007), and their progeny, as applied by the federal courts of appeals, together with all such standards applicable under any other state's law.

20. Defendants state that, in the unlikely event punitive damages are imposed against them, Defendants shall only be severally liable for the percentage of punitive damages, if any, for which fault is attributed to them by the trier of fact.

21. Defendants specifically plead and assert all defenses, including all affirmative defenses, available to Defendants under the rules and statutes of Arkansas and any state whose law

is deemed to apply in this case, and under any common law principles of Arkansas and any state whose law is deemed to apply in this case.

## RESERVATION OF RIGHT TO SUPPLEMENT DEFENSES

Defendants are informed and believe, and on such information and belief, allege that they presently have insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, defenses available as against the Plaintiff herein. Defendants, therefore, reserve the right to assert additional defenses in the event that further discovery indicates that said defenses would be appropriate.

## DEMAND FOR JURY TRIAL

Defendants request trial by jury on all issues so triable.

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, Defendants Miguel Perez Salinas and Sunrise Express Inc. demand judgment in their favor dismissing Plaintiff's First Amended Complaint and awarding them costs, attorney's fees and other relief this Court may deem appropriate.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

/s/ Karen M. Volkman
Tracy J. Cowan, #2013243
Karen M. Volkman, #2012305
100 South 4th Street, Suite 500
St. Louis, Missouri 63102
(314) 685-8346 – Phone
(314) 683-8347 – Facsimile

Tracy.Cowan@lewisbrisbois.com
Karen.Volkman@lewisbrisbois.com

Attorneys for Defendants Miguel Perez Salinas and Sunrise Express Inc.

**CERTIFICATE OF SERVICE**

    The undersigned further certifies that a copy of the foregoing was filed electronically with the Clerk of the Court to be served via operation of the CM/ECF electronic filing system on the 25th day of April, 2025 on All Counsel of Record.

/s/ Karen M. Volkman