IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| **ARMON AMOS** | | **PLAINTIFF** |
| **V.** | **CASE NO. 5:24-cv-05149-TLB** | |
| **MIGUEL PEREZ SALINAS and** <br> **SUNRISE EXPRESS INC.** | | **DEFENDANTS** |

**DEFENDANTS MIGUEL PEREZ SALINAS'S AND SUNRISE EXPRESS, INC.'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL DISCOVERY RESPONSES DIRECTED TO PLAINTIFF**

COME NOW Defendants Miguel Perez Salinas and Sunrise Express, Inc. (hereinafter collectively "Defendants"), pursuant to Federal Rules 26 and 37 and Local Rule 7.2, and requests that this Court enter an Order compelling Armon Amos (hereinafter, "Plaintiff"), to provide complete responses to Defendant's Request for Production of Documents, without objection, and produce his imaging studies such as x-rays, MRIs and CT scans. In support thereof, Defendant states as follows:

## BACKGROUND

On May 14, 2025, Plaintiff filed his initial Complaint in the Circuit Court of Benton County, Arkansas styled *Armon Amos v. Miguel Peres Salinas and Sunrise Express, Inc.*, Cause No. 04CV-24-1404. Defendants timely filed their Notice of Removal and the matter was removed pursuant to 28 U.S.C. § 1332 and 1441.

On April 17, 2025, Defendants served interrogatories and request for production on Plaintiff. *See* 4/17/2025 Correspondence from Counsel for Defendants to Counsel for Plaintiff serving Interrogatories and Requests for Production in addition to Plaintiff's 4/17/25 Acknowledgement of Receipt collectively attached as **Exhibit A** and incorporated herein by

161926591.4

reference. The Requests for Production sought *inter alia* "[a]ll medical records including but not limited to notes, reports, letters, charts, test results, notations, medical forms, reports of medical tests, **diagnostic studies** and/or other medical monitoring or observing for each health care provider and facility that treated Plaintiff for injuries." *See* Request for Production attached hereto as **Exhibit B** and incorporated herein by reference, Request No. 17.

On May 20, 20205, more than 30 days after Defendants' written discovery requests were served on Plaintiff, Defendants received executed medical authorizations, but no other documents or responses to the written discovery. *See* 5/20/25 Email Correspondence from Plaintiff's Counsel with Medical Authorization collectively attached as **Exhibit C** and incorporated herein by reference. Plaintiff mistakenly filled his own information in the section that was meant to identify the provider to which the authorization was directed. *Id*. This resulted in requests for records being rejected by some of Plaintiff's providers.

On May 29, 2025, forty-two days after Defendants served written their written discovery requests, Plaintiff provided answers to Defendant's interrogatories only. The correspondence from Plaintiff's counsel promised responses to the request for production the next day. *See* 5/29/2025 Correspondence from Plaintiff's Counsel to Defendants' Counsel attached as **Exhibit D** and incorporated herein by reference. That same day, Plaintiff provided documents to supplement documents that were produced prior to Defendants' written discovery requests but not responses to Defendants' Request for Production were included.

On July 1, 2025, having not received and responses to request for production, counsel for Defendants followed up with Plaintiff's counsel regarding the unanswered discovery. *See* 7/1/2025 Correspondence from Counsel for Defendants to Counsel for Plaintiff attached as

161926591.4

**Exhibit E** and incorporated herein by reference. On August 12, 2025, counsel for Defendants again followed up with Plaintiff's counsel regarding Plaintiff's responses to request for production, production of Plaintiff's imaging studies and the issue with the authorizations provided. Counsel for Plaintiff responded giving permission to redact the medical authorizations and assuring that Plaintiff's responses to request for production would be sent out by the next morning. *See* 8/12/2025 Correspondence between Counsel for Defendants to Counsel for Plaintiff along with Plaintiff's response collectively attached as **Exhibit F** and incorporated herein by reference. Plaintiff's counsel did not address the request for Plaintiff's imaging studies which are clearly responsive to Defendants' Requests for Production. *Id*.

Counsel for Defendants once again followed up via text on August 20, 2025 and via email on August 21, 2025, regarding Plaintiff's responses to Defendants' Request for Production of Documents. *See* August 20, 2025 Text Messages and August 21, 2025 Email Correspondence attached as **Exhibits G** and **H** respectively and incorporated herein by reference.

## ARGUMENT

To-date, Plaintiff has failed to respond to Defendants' Request for Production of Documents. Plaintiff has produced a number of documents including medical records and bills, but no response has been made to Defendants' Request for Production of Documents. Additionally, the medical records that have been produced lack any medical imaging, which is extremely important because Plaintiff is claiming orthopedic injuries. Defendants' attempts to collect Plaintiff's medical imaging has been impeded by the issue with the authorizations originally produced by Plaintiff.

161926591.4

A complete and comprehensive set of medical records and imaging documenting a Plaintiff's claimed injuries and treatment is always important to a competent defense in a personal injury lawsuit.  In this case it is particularly vital because, despite his residency in Arkansas, Plaintiff's treatment took place almost entirely in Texas, with providers to whom he was referred by his attorney, and did not start until eight months after the subject accident. *See* 5/20/2025 Deposition of Armon Amos at 52:8-20, attached in pertinent part as **Exhibit I** and incorporated herein by reference.  The Texas providers have also been disclosed by Plaintiff as experts. *See* Plaintiff's Rule 26(a)(1) Initial Disclosures and Designation of Expert Witnesses. *See* Plaintiff's Expert Disclosure attached as **Exhibit J** and incorporated herein by reference.

Without Plaintiff's complete responses to Defendants' Request for Production of Documents, Defendants are unable to properly prepare for trial or identify and retain appropriate experts in compliance with Court deadlines.

By failing to fully respond to Defendants' discovery requests, Plaintiff is prejudicing Defendants' ability to prepare for trial and comply with the Court's discovery deadlines.

Further, by failing to object or otherwise respond within the thirty (30) day deadline proscribed in Rules 33 and 34, Plaintiff has waived all objections to Defendants' requests to produce. *See* Rule 34(b)(2)(A) (the party to whom the request is directed must respond in writing within 30 days after being served).

Defendants have diligently pursued responses to their Requests for Production and gave Plaintiff multiple opportunities to respond.  Yet, Plaintiff has failed to provide *any* responses to Defendants' requests.  The Court, therefore, should order Plaintiff to provide full and complete responses to Defendants' Request for Production, without objections, within ten (10) days, order

161926591.4

Plaintiff to produce any imaging studies including, but not limited to, x-rays, MRIs and CT scans, to pay Defendants' reasonable expenses and attorney's fees and any additional relief the Court deems appropriate and just.

## CONCLUSION

Defendants Miguel Perez Salinas and Sunrise Express, Inc. respectfully request that the Court grant their Motion to Compel, order Plaintiff to provide full and complete responses to Defendants' Request for Production, without objections and produce any imaging studies including, but not limited to, x-rays, MRIs and CT scans within ten (10) days and award any further relief this court deems appropriate.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

/s/ Karen M. Volkman
Tracy J. Cowan, #2013243
Karen M. Volkman, #2012305
100 South 4th Street, Suite 500
St. Louis, Missouri 63102
(314) 685-8346 – Phone
(314) 683-8347 – Facsimile

Tracy.Cowan@lewisbrisbois.com
Karen.Volkman@lewisbrisbois.com

Attorneys for Defendants Miguel Perez Salinas and Sunrise Express Inc.

## CERTIFICATE OF SERVICE

The undersigned further certifies that a copy of the foregoing was filed electronically with the Clerk of the Court to be served via operation of the CM/ECF electronic filing system on the 22nd day of August, 2025 on All Counsel of Record.

/s/ Karen M. Volkman

161926591.4