IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| ARMON AMOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 5:24-cv-05159 |
| | ) | |
| MIGUEL PEREZ SALINAS AND | ) | **JURY TRIAL DEMANDED** |
| SUNRISE EXPRESS INC. | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF ARMON AMOS

COME NOW Defendants Miguel Perez Salinas ("Mr. Salinas") and Sunrise Express Inc. ("Sunrise") (collectively "Defendants"), by and through the undersigned counsel, and, in accordance with the Federal Rules of Civil Procedure, hereby requests that Plaintiff Armon Amos ("Plaintiff") produce the following documents and materials for inspection and copying at the offices of Lewis Brisbois Bisgaard & Smith LLP, 100 S. Fourth Street, Suite 500, St. Louis, Missouri 63102, within thirty (30) days from the date of service of this request:

### DEFINITIONS AND INSTRUCTIONS

A. "Document" or "documents" means anything within the scope of the Federal Rules of Civil Procedure, including, without limitation, any medium upon which intelligence or information has been recorded or retrieved and includes, without limitation, the original, whether draft or final, and each copy, regardless of origin and location, of any book, pamphlet, periodical, letter, memorandum (including any memorandum or report of a meeting or conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, cable, report, record, contract, agreement, grant, deed, study, handwritten note, draft, working

paper, short paper, print, laboratory record, drawing, sketch, graph, index, list tape, photograph, microfilm, data sheet or data processing card, electronic sound recordings or transcripts thereof, audio or visual tape, computer printouts, any other medium upon which intelligence or information can be recorded or retrieved or any other data form on which intelligence or information has been obtained and can be translated, if necessary through detection devices, into reasonably usable form and any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, and any other documents or writings of whatever description (including any information contained in any computer or on a computer disk, tape or other magnetic or electronic data storage media, whether printed or not) within the answering parties' possession, custody or control, or the possession, custody or control of any employee, agent, servant or representative including attorneys, accountants, investment bankers, or advisors, or any other person acting or purporting to act on behalf of the answering party. Any document which contains any comment, notation, addition, insertion or marking of any kind which is not part of another document is to be considered as a separate document.

      B.     "Communication" means all occasions on which any knowledge, information, belief, opinion, fact or description of any actions, taken or omitted, or any idea, thought or concept was conveyed from one or more persons to another person or persons by means of any oral utterance (whether in person, over a telephone or over any other voice transmission device) or any written, transcribed or recorded notation of any nature whatsoever, and by and to whomever made, including, but is not limited to correspondence, conversations, dialogues, discussions, interviews, understandings and transmitting or imparting of any such knowledge, information, belief, opinion, fact or description.

C.  "Possess" or "possession" means having custody or control of or having access to or having notice of.

D.  "Relate to" or "relating to" means to discuss, constitute, contain, embody, reflect, identify, state, refer to, deal with, be connected with or in any way concern or be pertinent to any person, thing, event, knowledge, information, belief, opinion, fact, action taken, action omitted, idea, thought or concept, either directly or indirectly.

E.  "Concerning" means, directly or indirectly, referring to, relating to, constituting, evidencing, comprising, containing, setting forth, summarizing, reflecting, stating, pertaining to, describing, recording, noting, embodying, mentioning, studying, analyzing, discussing or evaluating.

F.  The singular includes the plural and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive; the word "all" means "any and all," and the word "any" means "any and all," the word "including" means "including without limitation," the word "he" or any other masculine pronoun includes any individual regardless of sex.

G.  The terms "you," "your" and "Plaintiff" shall mean Plaintiff Armon Amos, his representatives, or attorneys.

H.  "Defendants" mean Defendants Miguel Perez Salinas and Sunrise Express Inc.

I.  With respect to any documents called for by this production request, but withheld due to an assertion of privilege, each such document should be preserved and identified by stating the following:

(a)  the nature and basis of the privilege or other reason for withholding such document;

(b)  a generic description of the document (e.g., "letter," "memo," "note," etc.);

(c)  the general subject matter of the document;

  (d)  the date, author, title and number of pages therein; and

  (e)  each person for whom it was prepared and each person to whom it was sent.

  J.  If only a portion of a document is privileged, then produce the unprivileged portions following the above-described procedure for the privileged portions.

  K.  If any request is objected to on the basis that production would be burdensome or oppressive, all documents which can be produced without incurring an undue burden or oppression should be produced. Any documents not provided on the basis that disclosure would be burdensome or oppressive should be identified by stating the approximate number of pages contained in the documents requested to be produced, the approximate number of hours to be incurred in production, and the estimated cost of responding to the document request.

  L.  In the event that any document or tangible thing requested has been destroyed or otherwise disposed of since its preparation or receipt, set forth the author, addressee, indices or blind copies, date, number of pages, attachments or appendices, a general description of the subject matter, all persons to whom distributed, shown, sent, or explained, present custodian, the time, place and manner of destruction or disposition, the persons involved in the destruction or disposition, and a general description of the document or tangible thing.

  M.  If any request is objected to as being vague or overbroad, all documents which you reasonably believe are within the scope of the request should be produced, and your objection should specify what is otherwise overbroad about the request.

  N.  In responding to these document requests, you are required to furnish all documents that are or were available to you or subject to your reasonable inquiry including information in the possession of your attorneys, advisors, other agencies, or other persons directly or indirectly employed by, or connected with you or your attorneys, and anyone else otherwise subject to your

control.  In responding to these document requests, you must make a diligent search of your records and of other papers and materials in your possession or available to you or your representatives. If these document requests cannot be complied with in full, comply to the maximum extent possible, and specify the reason for your inability to comply with the remainder.

O. These document requests are continuing and any document prepared, obtained or located subsequent to production that would have been produced had it been available or had its existence been known at the time is to be produced forthwith.

## REQUESTS FOR PRODUCTION

1. Any and all documents referred to by Plaintiff in responding to Defendants' First Set of Interrogatories Directed to Plaintiff.

**RESPONSE**:

2. Each document identified by Plaintiff in his Answers to Defendants' First Set of Interrogatories Directed to Plaintiff.

**RESPONSE**:

3. All documents Plaintiff intends to introduce as exhibits at trial, including but not limited to photographs, diagrams, statements, medical records, medical bills, employment records and/or tax returns.

**RESPONSE**:

4. All photographs, films, videotapes, diagrams, plans, sketches or specifications which portray or depict the accident alleged in the Complaint and/or the scene of said accident.

**RESPONSE**:

5. All photographs, films or videotapes which show or purport to show any aspect of Plaintiff's alleged injuries herein.

**RESPONSE**:

6. All statements, bills, canceled checks, receipts or documents of whatever kind evidencing expenses which Plaintiff claims were incurred as a result of the accident alleged in the Complaint.

**RESPONSE**:

7. Each "Explanation of Benefits" (EOB), billing statement, or other document which shows the actual amount accepted by each health care provider whose charge is claimed as damages, in full satisfaction of their bill, including any documents which show the amount of any "write off" or "adjustments" for a health insurer, benefit fund, Medicare or Medicaid discount, etc.

**RESPONSE**:

8. If Plaintiff is making a claim for lost earnings, wages or income, Plaintiff's federal and state income tax returns, W2s and 1099s, together with all attachments, for the years 2013 through the present.

**RESPONSE**:

9. If Plaintiff is making a claim for lost earnings, wages or income, any other documents which reflect or demonstrate that loss, including all pay stubs, from the year prior to the accident alleged in the Complaint to the present.

**RESPONSE**:

10. Any and all communications Plaintiff has sent to and/or received from Defendants, their representative(s), or their attorney(s) regarding the incident alleged in the Complaint.

**RESPONSE**:

11. All non-privileged statements or memoranda of statements given by Plaintiff concerning the facts of this case.

**RESPONSE**:

12. All statements or memoranda of statements given by Defendants concerning the facts of this case.

**RESPONSE**:

13. All statements or memoranda of statements given by any person concerning the facts of this case.

**RESPONSE**:

14. Any and all correspondence Plaintiff has sent to or received from anyone, other than the parties' own attorneys, concerning the acts or omissions of Defendants alleged in Plaintiff's Complaint, attending circumstances relating thereto, and/or damages claimed relative to this lawsuit.

**RESPONSE:**

15. Any repair estimates for damages to Plaintiff's vehicle or bills or receipts for repair to Plaintiff's vehicle and any bills or receipts for any other claims, losses or damages Plaintiff is making or seeks in this lawsuit.

**RESPONSE:**

16. All accident, incident or occurrence reports, whether known by these or other names, prepared by any person or entity (including governmental and/or law enforcement agencies) relating to the incident alleged in the Complaint.

**RESPONSE**:

17. All medical records, including but not limited to notes, reports, letters, charts, test results, notations, medical forms, reports of medical tests, diagnostic studies and/or other medical

monitoring or observing for each health care provider and facility that treated Plaintiff for injuries sustained in the subject accident.

**RESPONSE**:

18. Copies of all medical expenses or bills related to the medical treatment received by Plaintiff for the injuries allegedly sustained as a result of the accident at issue in this cause of action.

**RESPONSE**:

19. All documents provided to any person expected to be called as an expert witness at the trial of this case.

**RESPONSE:**

20. All documents received from any person expected to be called as an expert witness at the trial of this case.

**RESPONSE:**

21. Any reconstructions or recreations of the accident alleged in the Complaint.

**RESPONSE:**

22. Copies of insurance policies, insurance declaration pages and/or certificates of coverage for primary, excess and/or umbrella insurance coverage provided for Plaintiff for the accident alleged in the Complaint.

**RESPONSE:**

23. An itemized copy of Plaintiff's cellular phone log, text log, and/or GPS log for the time period and billing cycle covering the date of the occurrence described in the Complaint.

**RESPONSE**:

24. All documents pertaining to any lawsuit, claim for workers' compensation and/or claim for social security benefits for bodily injury and/or mental injury filed by Plaintiff, as identified in Plaintiff's Answer to Interrogatory No. 14.

**RESPONSE**:

25. All documents relating to any workers' compensation claim Plaintiff filed with respect to the accident alleged in the Complaint, if applicable.

**RESPONSE**:

26. All documents evidencing, referring or relating to any settlement monies or other thing(s) of value received by Plaintiff as a settlement, in whole or in part, of this claim, as identified in Plaintiff's Answer to Interrogatory No. 15.

**RESPONSE**:

27. Any insurance policy on which Plaintiff made a claim related to any injury for which Plaintiff seeks relief in the Complaint.

**RESPONSE**:

28. A true and correct copy of Plaintiff's driver's license.

**RESPONSE:**

29. Please execute a Consent to Release, attached hereto, authorizing the undersigned defense counsel to contact the Centers for Medicare & Medicaid Services (CMS), its agents and/or contractors, related to the anticipated lien that may be asserted by Medicare for treatment provided related to your alleged injuries in this case.

**RESPONSE**:

30. Please execute a release, attached hereto, authorizing the undersigned defense counsel to obtain workers' compensation records.

**RESPONSE**:

31.     Please execute the medical records release attached hereto.

**RESPONSE**:

32.     Please execute the employment records release attached hereto.

**RESPONSE**:

33.     Please execute the authorization for release of cellular records attached hereto.

**RESPONSE**:

34.     Please execute the social security administration records release attached hereto.

**RESPONSE**:

35.     Please execute the tax records release attached hereto.

**RESPONSE**:

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

/s/ Karen M. Volkman
Tracy J. Cowan, #2013243
Karen M. Volkman, #2012305
100 South 4th Street, Suite 500
St. Louis, Missouri 63102
(314) 685-8346 – Phone
(314) 683-8347 – Facsimile

Tracy.Cowan@lewisbrisbois.com
Karen.Volkman@lewisbrisbois.com

Attorneys for Defendants Miguel Perez Salinas and Sunrise Express Inc.

## CERTIFICATE OF SERVICE

      The undersigned further certifies that a copy of the foregoing was filed electronically with the Clerk of the Court via CM/ECF electronic filing system on the 17th day of April, 2025 to the following:

Lee Curry, Esq.
Jennifer Reali, Esq.
124 W. Capitol Ave., Ste. 1820
Little Rock, Arkansas 72201
(501) 512-0367 – Phone
(713) 587-9086 – Fax

Lcurry@daspitlaw.com
e-service@daspitlaw.com

                                                /s/ Karen M. Volkman