## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

**ARMON AMOS**                                                    **PLAINTIFF**

**V.**                         **CASE NO. 5:24-cv-05149-TLB**

**MIGUEL PEREZ SALINAS and**
**SUNRISE EXPRESS INC.**                                **DEFENDANTS**

---

### PLAINTIFF'S DESIGNATION OF EXPERT WITNESSES

---

Plaintiff, Armon Amos, serves this Designation of Expert Witnesses in accordance with the Court's scheduling order and the Federal Rules of Civil Procedure as notice that he intends to call the following witnesses at the time of trial to provide expert testimony in this case:

I.

Plaintiff hereby designates all other adverse parties, potentially adverse parties, and/or witnesses associated with adverse parties, all parties to this suit and all experts designated by any party to this suit, even if the designating party is not a party to the suit at the time of trial. In the event a present or future party designates an expert but then is dismissed for any reason from the suit or fails to call any designated expert, Plaintiff reserves the right to designate and/or call any such party or any such experts previously designated by any party.

II.

Plaintiff's individual healthcare providers identified below provided health care to Plaintiff and may be called as fact and expert witnesses to express opinions regarding their examination, diagnosis, care, and treatment of Plaintiff, his medical and physical condition, prognosis, damages and proximate causation of any injuries to Plaintiff within their areas of expertise. They may also express any opinions contained in their medical records and depositions, if any. The testimony of

-1-

EXHIBIT J

these physicians, nurses, and other health care providers may include, but will not be limited to, the following subject matters: Plaintiff's condition and prognosis prior to the conduct in question; proximate causation issues regarding Plaintiff's injuries that is the subject of this case; Plaintiff's physical limitations, the significance of any of their findings, diagnoses, studies/tests and any matter contained in Plaintiff's medical records and/or depositions. A description of the substance of the testimony concerning such witnesses is largely accessible to Defendants through Plaintiff's medical records and any witness depositions that may be taken. To the extent any of these health care providers provide reports at the request of Plaintiff, they will be provided, but there are none at this time other than those contained in their records and/or depositions. Additional elaboration on the opinions held by and the facts known to such witnesses may be obtained through their depositions and Plaintiff reserves the right to elicit, at the time of trial, any such information from any of the depositions that are taken of such persons.

Any individuals (whose names may be unknown to Plaintiff at this time) who are custodians for specific records and information requested in discovery may be called upon to testify as to the authenticity of said records and that they meet the business records exception to the hearsay rule for purposes of admissibility at trial.

The following non-retained physicians and medical facilities have knowledge of Plaintiff's injuries and medical treatment and may be called upon to give expert testimony. They have provided care and treatment to Plaintiff. As such, they possess expertise and knowledge in their respective area. Specifically, they may testify about care, treatment, diagnosis, prognosis, causation, physical and work restrictions, reasonable costs for medical care in the past and future, and the need, if any, for future treatment. Their mental impressions and opinions may be found in Plaintiff's medical and

billing records and their deposition testimony, if any. The custodians of records for these medical providers will provide testimony necessary to prove up the medical and billing records.

**Non-Retained Experts:**

**Greater Texas Orthopedic Associates**
**Robert Hein, MD**
**Yan Michael Li, MD**
**All Medical Providers and/or Custodian of Records**
**8330 Lyndon B. Johnson Fwy, Suite B400**
**Dallas, TX 75243**
**T: (469) 673-3064**
*Plaintiff's healthcare provider*

This facility, its physicians and doctors, and associated medical providers specialize in orthopedic and spinal injuries and they have provided medical treatment to Plaintiff. They will opine that Plaintiff suffered injuries as a result of the subject accident based on a review of Plaintiff's medical history, his clinical examinations, Plaintiff's subjective complaints, and the circumstances surrounding which Plaintiff sought medical treatment. They will offer opinions regarding prognosis, the reasonableness, medical necessity and charges of Plaintiff's care to date, the necessity and the potential need and cost of Plaintiff's annual and lifetime long-term medical care, including long-term pain management, supportive care, and any potential work restrictions for Plaintiff. They will testify regarding matters contained in records and depositions. This testimony will include their observations, diagnosis, opinions, prognosis, facts, physical and clinical examinations, and tests done, reviewed or relied upon. This includes opinions regarding Plaintiff's pain, mental anguish, medical care, medical expenses, limitations, disfigurement, physical impairment, wage earning capacity, surgery, or any other medical issue in this case. These physicians and Custodian of Records may also testify regarding the reasonableness and necessity of the medical charges and treatment, and they may authenticate the medical charges. These individuals' opinions are based on education, training and experience, the literature within the field of practice, and examination and treatment of Plaintiff.

These doctors, associated individuals and the Custodian of Records are non-retained experts and further elaboration of their opinions may be obtained by deposition or review of records, which will be or have been produced.

The Custodian of Records will authenticate the records and/or testify regarding the reasonableness and necessity of the medical charges.

**Memorial MRI & Diagnostic**
**Lorenzo Farolan, MD**
**All Medical Providers and/or Custodian of Records**
**9434 Katy Fwy, Suite 408**
**Houston, Texas 77055**
**T: (713) 461-3399**
*Plaintiff's healthcare provider*

This facility, its physicians and doctors, and associated medical providers specialize in reading and interpreting diagnostic studies including but not limited to MRIs, X-Rays and cat-scans. They will testify regarding Plaintiff's medical conditions, review of imaging studies, treatment or studies performed, the usual and customary charges of same, along with potential causes of Plaintiff's conditions. Their opinions are based on their education, experience, training and literature within their field. This facility, its physicians and doctors, associated medical providers and the Custodian of Records are non-retained experts and further elaboration of their opinions may be obtained by deposition or review of their records, which will be supplemented if necessary.

They will testify that the Plaintiff suffered objective injuries as shown on the MRI studies. They will testify that Plaintiff suffered disc herniations and other spinal injuries shown on these objective studies.

The Custodian of Records will authenticate the records and/or testify regarding the reasonableness and necessity of the medical charges.

**Retained Expert(s):**

**Adam Jason Locketz, M.D., DABPMR, XDEA, PLCP**
**Timewise Medical**
**988 Inwood Ave.**
**Oakdale, Minnesota 55128**
**T: (651) 333-9133**
*Plaintiff's Life Care Planners*

Dr. Locketz is a physician board-certified in physical medicine and rehabilitation who will testify regarding the reasonableness, medical necessity and charges of Plaintiff's care to date, the necessity and cost of Plaintiff's annual and lifetime long-term medical care, supportive care and any related care, causation, and Plaintiff's prognosis. It is Dr. Locketz's opinion that all medical care, supportive care, counseling, and other care are necessary to help Plaintiff cope with the physical pain, mental anguish, physical disability, and other harm caused by Defendant's negligence, and that the duration and costs of all those items are reasonable and necessary to promote optimum recovery and long-term health for Plaintiff.

Specifically, Dr. Locketz will opine that Plaintiff's injuries are a direct and proximate result of an accident which occurred on or about December 28, 2023.

Dr. Locketz will opine that review of Plaintiff's medical records and diagnostic testing demonstrate the need for ongoing medical treatment of Plaintiff's injuries. Dr. Locketz will testify regarding the charges for related medical care for Plaintiff, including, but not limited to, medication, therapy, surgery, medical devices, diagnostic testing and any attendant care. Dr. Locketz will offer opinions regarding future medical problems that may occur as a direct and proximate result of Plaintiff's injuries. Dr. Locketz will testify regarding the medical necessity of, and charges for the medical care to treat these future medical problems, including but not limited to medication, therapy, medical devices, diagnostic testing and any attendant care.

-4-

Dr. Locketz's opinions are based upon his review of any depositions that will be or have been taken in this case, the records from Plaintiff's treating physicians, Defendant's discovery responses, information generated by other parties' experts, including their reports and deposition testimony; any and all evidence related to Plaintiff, including medical and billing records, and his physical examination of Plaintiff.

Dr. Locketz will also rely on his training, experience and education. He may supplement his opinions upon review of additional materials and/or the reports or testimony of Defendant's experts and other witnesses, if any.

Dr. Locketz will review all medical records in this case at the time of his physical examination of Plaintiff and a copy of Plaintiff's most recently filed Complaint.

Dr. Locketz's report and curriculum vitae will be supplemented once prepared.

## III.

Plaintiff reserves the right to call undesignated rebuttal expert witnesses, whose testimony cannot reasonably be foreseen until the presentation of the evidence against the Defendants.

## IV.

Plaintiff reserves the right to withdraw the designation of any expert and to aver positively that any such previously designated expert will not be called as a witness at trial, and to re-designate same as a consulting expert who cannot be called by opposing counsel.

## V.

Plaintiff reserves the right to elicit any expert opinion or lay opinion testimony at the time of trial that would be truthful, of benefit to the jury to determine material issues of fact, and not be violative of any existing Court Order or the Federal Rules of Procedure.

## VI.

Plaintiff reserves whatever additional rights he may have with regards to experts, pursuant to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the jurisprudence construing same, and the rulings of the trial court.

VII.

Plaintiff reserves the right to supplement this designation with additional designations of expert witnesses within the time limits imposed by the Court or any alterations of same by subsequent Court Order or agreement of the parties, or pursuant to the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence.

Respectfully submitted,

**DASPIT LAW FIRM**
124 W. Capitol Ave., Ste. 1820
Little Rock, AR 72201
Phone: (501) 512-0367
Fax:    (713) 587-9086
e-service@daspitlaw.com
*Attorneys for Plaintiff*

By: _____
Lee D. Curry          Ark. Bar No. 2014153
Jared W. Capps          Ark. Bar No.2023098
lcurry@daspitlaw.com

## CERTIFICATE OF SERVICE

I, the undersigned attorney for Plaintiff, hereby certify that on July 14, 2025, I served a true and correct copy of the foregoing document to all counsel of record via email to the following address(es):

Karen M. Volkman                    Karen.Volkman@lewisbrisbois.com
Tracy J. Cowan                         Tracy.Cowan@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH, LLP
100 South 4th Street, Suite 500
St. Louis, MO 63102
*Attorneys for Defendant*

_____
Lee D. Curry