IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**ARMON AMOS**                                                                     **PLAINTIFF**

**V.**                       **CASE NO. 5:24-cv-05149-TLB**

**MIGUEL PEREZ SALINAS and**
**SUNRISE EXPRESS INC.**                                          **DEFENDANTS**

**DEFENDANTS MIGUEL PEREZ SALINAS'S AND SUNRISE EXPRESS, INC.'S REPLY IN SUPPORT OF THEIR MOTION TO COMPEL**

COME NOW Defendants Miguel Perez Salinas and Sunrise Express, Inc. (collectively hereinafter "Defendants"), by and through counsel, and in support of their Motion to Compel, state as follows:

## BACKGROUND

Plaintiff in this matter is claiming significant orthopedic injuries following what by all appearances was a very low-energy motor vehicle accident. As such, a thorough expert review of plaintiff's medical records, and particularly his medical imaging is paramount to a defense. Defendants attempted to work with Plaintiff to obtain full and complete responses to request for production for months. Unfortunately, Plaintiff failed and refused to provide responses to requests for production or any medical imaging until after Defendants were forced to resorting to filing a Motion to Compel.

After approximately four months of unfruitful follow-ups up with counsel for Plaintiffs seeking responses to requests for production, Defendant's filed their Motion to Compel (Doc. No. 30). The Motion to Compel was filed on August 22, 2025. Plaintiff finally provided responses to

162770193.3

Defendants' Request for Production three days later on August 25, 2025. Three days after that, Plaintiff supplemented his document production with medical imaging from one of the three providers at which imaging studies were performed. As of the date of this Reply, Plaintiff has still not produced the remaining medical imaging.

## ARGUMENT

1. Defendants' Motion to Compel is Not Moot

In response to Defendant's Motion to Compel, Plaintiff states that he "as a courtesy" provided X-Rays and MRI studies even though neither he nor his counsel was in possession of said studies. This suggests a misinterpretation by Plaintiff of his obligations under the Rules. Plaintiff cannot refuse to produce documents by simply claiming he is not in possession of them. Rule 34(a)(1) expressly includes as requestable items, those that are "in the responding party's possession, custody, or control." *See* Fed. R. Civ. P. 34(a)(1). "Control is defined broadly as the 'ability to obtain upon demand documents in the possession of another.' The party to whom the discovery is directed need not have legal ownership or actual physical possession, but rather a 'practical ability' to obtain the documents." *Orthoarm, Inc. v. Forestadent USA, Inc.,* No. 4:06–CV–730, 2007 WL 1796214, at 2 (D.Mo. June 19, 2007) (quoting *Prokosch v. Catalina Lighting, Inc.,* 193 F.R.D. 633, 636 (D.Minn.2000)). Therefore, even if his imaging studies including x-ray and MRI studies were not in his physical possession, he was still obligated to produce them because they were under his control in that he was practically able to obtain them by requesting them from his treating physicians. In fact, Plaintiff produced his written medical records, but did not provide his imaging studies

162770193.3

As admitted in Plaintiff's Response to Defendants' Motion to Compel Discovery, there are still imaging studies that have not been produced.  *See* Plaintiff's Response to Defendants' Motion to Compel Discovery at §8.  Based on past conduct, Defendants still request an order form this court compelling the production of Plaintiff's medical imaging upon his receipt of the same.

2. <u>Defendants Should be Awarded Fees and Costs</u>

In addition to ordering Plaintiff to produce medical imaging as he received it, the Court should order Plaintiff to pay Defendant's fees and costs associated with drafting, filing, and arguing their Motion to Compel.  Defendants filed their Motion to Compel on August 22, 2025. After the Motion to Compel was filed, on August 25, 2025, Plaintiff finally served responses to Defendants' Request for Production. Three days later, Plaintiff supplemented his document production with medical imaging.  As set out in the Motin to Compel, Defendants made good-faith efforts to resolve the discovery dispute before filing the Motion, including multiple written correspondence. Plaintiff's refusal to provide discovery responses lacked substantial justification, and no circumstances exist that would make an award of expenses unjust.  Defendants should have not been forced to file a motion to obtain materials which are properly discoverable.  If such relief is granted by the Court, Defendants will submit an Affidavit outlining the reasonable and necessary fees and costs to the Court.

Rule 37(a)(5)(A) states in pertinent part regarding a motion to compel that: "[I]f the disclosure for requested discovery is provided after the motion was filed – the court **must**, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37 (emphasis added).

162770193.3

"A court order need not be violated for sanctions to be imposed under Rule 37(a)(5)(A); it is automatically triggered by (1) a nonmovant supplementing discovery in response to a motion to compel discovery, *or* (2) a court granting the motion to compel." *Riddle v. Wells Fargo Bank, N.A.*, 2023 WL 8261390 (W.D. Mo. 2023).

In his response to Defendants' Motion to Compel, Plaintiff notes that many of the documents were produced prior to the service of the responses themselves. However, the production of documents does not relive Plaintiff of his obligations to provide adequate responses to discovery. Moreover, some of the most important documents, medical imaging, were not produced until after the Motion to Compel was filed.

Even forgiving *arguendo* Plaintiff's failure to produce medical imaging, it is undisputed that Plaintiff provided responses to requests for production *after* Defendants were forced to file a Motion to Compel but before the Court ruled on the motions. Plaintiff's response to Defendants' Motion to Compel (Doc. No. 34) expressly admits his discovery responses were served after the Motion was fled. As such, attorneys' fees *must* me ordered unless Plaintiff can show evidence that one of the three exceptions to Rule 37(a)(5)(A) applies. Those exceptions are:

1. the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

2. the opposing party's nondisclosure, response, or objection was substantially justified; or

3. other circumstances make an award of expenses unjust.

As set out in the Motion to Compel, Defendants made numerous good-faith attempts to obtain the disclosure before filing their Motion. There is no substantial justification to Plaintiff's non-

162770193.3

response to discovery, as Plaintiff freely and without objection produced his responses after the Motion was filed. Plaintiff did not argue that the discovery was irrelevant or otherwise objectionable. *See Hein v. State Farm Mut. Auto. Ins. Co.*, No. 5:22-CV-05045-LLP, 2023 WL 5804018, at *13 (D.S.D. Sept. 7, 2023) ("The party resisting sanctions bears the burden of showing that its position was substantially justified .... Substantial justification means reasonable minds could differ as to whether the party was justified in resisting the discovery sought." (internal citations and quotations omitted)). Finally, no other circumstances exist that would make an award of expenses unjust.

## CONCLUSION

As set out above, Plaintiff should be ordered to produce medical imaging as it is received and an award of Defendants' fees and expenses in filing their Motion to Compel is not only justified, but obligatory under the rules.

WHEREFORE, Defendants Miguel Perez Salinas and Sunrise Express, Inc. respectfully request that the Court grant their Motion to Compel, order Plaintiff to provide any imaging studies including, but not limited to, x-rays, MRIs and CT scans, and award Defendants their reasonable fees and costs associated with the preparation, filing, and arguing of Defendants' Motion to Compel, and for whatever further and additional relief the Court deems proper.

162770193.3

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

/s/ Karen M. Volkman
Tracy J. Cowan, #2013243
Karen M. Volkman, #2012305
100 South 4th Street, Suite 500
St. Louis, Missouri 63102
(314) 685-8346 – Phone
(314) 683-8347 – Facsimile

Tracy.Cowan@lewisbrisbois.com
Karen.Volkman@lewisbrisbois.com

Attorneys for Defendants Miguel Perez Salinas and Sunrise Express Inc.

## CERTIFICATE OF SERVICE

The undersigned further certifies that a copy of the foregoing was filed electronically with the Clerk of the Court to be served via operation of the CM/ECF electronic filing system on the 9th day of September, 2025 on All Counsel of Record.

/s/ Karen M. Volkman

162770193.3